Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8141 | **DATE** | 11/18/11 |
| **CASE TITLE** | Johnnie Stallings (2011-0506180) vs. Judge Rhodes | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The initial filing fee is waived. The Court orders the trust fund officer at Cook County Jail to collect monthly payments from Plaintiff's trust fund account as stated below. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. Plaintiff's motion for appointment of counsel [4] is denied as moot. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[For further details see text below.]   Docketing to mail notices.

# STATEMENT

   Plaintiff, a detainee at the Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. §§ 1983. Plaintiff alleges that a Cook County Circuit Judge has improperly denied him new counsel in his pending state criminal proceeding.
   According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.
   Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.
   Plaintiff alleges that in May of 2011, Judge Rhodes denied Plaintiff the appointment of new counsel in his state criminal proceedings. Plaintiff alleges that is appointed counsel at that time was not proving effective assistance of counsel.
   Plaintiff's claim against Judge Rhodes is barred by judicial immunity. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is not "overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity bars suit even if the judge's exercise of authority is flawed by the commission of grave procedural errors and mere allegations of a conspiracy are insufficient to allow the suit to go forward. *See John v. Barron*, 897 F.2d 1387, 1391-92 (7th Cir. 1990). However, a judge is not immune from liability for nonjudicial actions or for actions taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11.
   Nonjudicial actions are actions not taken in the judge's judicial capacity. *See Mireles*, 502 U.S. at 11. In determining whether the alleged conduct is nonjudicial, the relevant inquiry is the "nature" and "function" of the act,

| STATEMENT |
|---|

not the "act itself." *Mireles*, 502 U.S. at 13. Thus, the Court looks "to the particular act's relation to a general function normally performed by a judge." *Mireles*, 502 U.S. at 13.

Here, Plaintiff's allegations against Judge Rhodes stem from his ruling on Plaintiff's motion for the appointment of new counsel in his state criminal proceeding. Thus, Judge Rhodes was acting in a function normally performed by a judge. Accordingly, Plaintiff's claim against Judge Rhodes is barred by judicial immunity.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."